# THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |
|---|---|
| Alicia Stroble and Cheyne Stroble, | C/A No.: 2:22-cv-00747-RMG |
| Plaintiffs, | **ORDER AND OPINION** |
| v. |  |
| Allstate Insurance Company, |  |
| Defendant. |  |

Before the Court is Plaintiffs' motion to remand this action to the Court of Common Pleas for Dorchester County, South Carolina. (Dkt. No. 8). For the reasons set forth below, Plaintiffs' motion is denied.

## I.  Background

On January 31, 2022, Cheyne and Alicia Stroble ("the Strobles") initiated the instant declaratory judgment action against Allstate Insurance Company ("Allstate") in the Court of Common Pleas for Dorchester County, South Carolina. (Dkt. No. 1-1). The Strobles filed an Amended Complaint on February 2, 2022. (Dkt. No. 1-1). On February 8, 2022, Allstate was served with the Summons and Complaint. (Dkt. No. 1-1 at 16). On March 8, 2022, Allstate removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1).[1]

The amended complaint alleges that on February 27, 2021, Cheyne Stroble sustained injuries as a result of a collision caused by a vehicle operated by Elizabeth Marie Jones ("Jones"). (*Id.* at

---

[1] The parties do not dispute the existence of diversity jurisdiction.

1

¶ 5). Alicia Stroble alleges she suffered a loss of consortium as a result of Cheyne Strobles' personal injuries caused by the collision. (*Id.* at ¶ 6). The Strobles allege that Allstate issued them an automobile insurance policy that provided bodily injury liability insurance coverage with limits of $100,000 per person and property damage liability insurance coverage with limits of $100,000 per accident. (*Id.* at ¶ 11). On December 17, 2021, the Strobles initiated a tort action against Jones for negligence and loss of consortium in the Court of Common Pleas for Dorchester County, South Carolina ("underlying tort action"). (Dkt. No. 8-2, Case No. 2021-CP-18-02170). The Strobles allege their claim was partially settled by Jones' liability insurance company which paid $100,000 in bodily injury coverage and $100,000 in property damage coverage. (Dkt. No. 1-1 at ¶ 14). In exchange, the Strobles signed a covenant not to execute which allows them to pursue any claims for any UIM insurance coverage applicable to the collision. (*Id.*). The Strobles allege their damages from the collision exceed $200,000 and therefore, Jones is a UIM motorist with respect to the collision. (*Id.* at ¶ 15). The Strobles allege they made a demand for Allstate to provide UIM coverage under the policy for the injuries and damages they sustained. (*Id.* at ¶ 16). The Strobles allege Allstate denied UIM coverage under the policy because prior to the accident, Cheyne Stroble did not sign the UIM Form or any other rejection of UIM coverage under the policy. (*Id.* at ¶¶ 19-21). On January 21, 2022, Allstate entered an appearance in the underlying tort action and filed an answer to defend the action pursuant to S.C. Code Ann. § 38-77-160 (1976, as amended). (Dkt. Nos. 8-3; 8-4). On January 27, 2022, the Strobles filed a motion to strike Allstate's answer. (Dkt. No. 8-5). The state court denied the Strobles' motion to strike on May 3, 2022. *See* https://publicindex.sccourts.org, 2021-CP-18-02170, May 3, 2022 Order.

In the instant declaratory judgment action, the Strobles seek a declaration that Allstate was required to make a meaningful offer of UIM coverage to them as named insureds on the policy

pursuant to S.C.Code Ann. § 38-77-160 (1976, as amended), and failed to do so. (*Id.* at ¶ 25). The Strobles seek reformation of the policy to include UIM bodily injury and property benefits. (*Id.* at ¶¶ 32-33). In addition, the Strobles seek a declaration that Allstate, by entering appearance and filing an answer to defend the underlying tort action, it exercised statutory rights exclusively granted to insurers that provide UIM coverage, and therefore Allstate waived its right to deny UIM coverage under the policy for the Strobles' claims. (*Id.* at ¶ 35).

On April 4, 2022, the Strobles filed a motion to remand the action to the Court of Common Pleas for Dorchester County, South Carolina. (Dkt. No. 8). On April 28, 2022, Allstate filed a response in opposition. (Dkt. No. 17). The matter is ripe for the Court's adjudication.

## II.    Legal Standard

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994)); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F. 3d at 151 (citations omitted), *Pohto v. Allstate Ins. Co.*, No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

## III.    Discussion

Typically, a district court should entertain a declaratory judgment when the declaratory relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *Nautilus Ins. Co. v. Winchester Homes*, 15 F.3d 371, 375 (4th Cir. 1994). With these purposes in mind, this court is to weigh four factors when deciding whether to abstain from exercising jurisdiction over a declaratory judgment action:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgement action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of law or fact;" [and] (iv) whether the declaratory judgment action is being used merely as a device for "procedural fence-sitting" - that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (*quoting Nautilus*, 15 F.3d at 377).

In this case, each factor weighs in favor of retaining jurisdiction. First, South Carolina state court has little interest in the declaratory judgment action. A federal court has discretion to abstain from exercising jurisdiction where questions of state law are "difficult, complex, or unsettled." *Nautilus Ins. Co.*, 15 F.3d at 378. A state's interest is "not particularly significant when the state law issues are standard and unlikely to break new ground." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004). The Strobles argue this case presents two novel questions of state law.

First, the Strobles argue that Allstate's agent gave them a form that purported to be an offer of UIM motorist coverage that the agent contemplated as "rejected" prior the Strobles receiving any explanation of coverage. Allstate argues this is not a novel issue under state law. South Carolina courts have discussed the context in which an automobile insurance carrier is obligated

4

to and has satisfied the requirement to make a meaningful offer of UIM coverage pursuant to S.C. Code Ann. § 38-77-160. *See Allstate Ins. Co. v. Estate of Hancock*, 545 S.E.2d 845 (S.C. Ct. App. 2001); *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 354 S.E.2d 555, 557 (S.C. 1987) (establishing four part test to determine whether an insurer's offer of UIM coverage passes muster); *McDonald v. S.C. Farm Bureau Ins. Co.*, 518 S.E.2d 624,625-626 (S.C. Ct. App. 1999) (explaining that if the insurer fails to make a meaningful offer of UIM coverage to the insured, the policy will be reformed by operation of law to include UIM coverage up to the limits of liability insurance carried by the insured.); *see also Allstate Fire & Cas. Ins. Co. v. Simpson*, 152 F. Supp.3d 487 (D.S.C. 2016) (declaratory judgment action where District Court interpreted insurance policy to determine whether automobile insurer met obligation to make a meaningful offer of UIM coverage pursuant to S.C. Code Ann. § 38-77-160, § 38-77-350(A)). Upon a review of the parties' augments and the relevant authorities, the Court finds that there is sufficient guidance from state law to decide the issue of whether Allstate made a meaningful offer of UIM coverage to the Strobles.

Second, the Strobles argue this case presents a novel question of law as to whether the exercise of rights by an automobile insurer under S.C. Code Ann. § 38-77-160 is the equivalent of an admission of UIM coverage and may serve as the basis to prevent the insurer from denying UIM coverage under principles of estoppel or waiver. In the underlying tort action, Allstate entered an appearance and filed an answer to defend the action. Allstate's response in opposition to the Strobles' motion to remand does not address this argument.

Upon a review of the pleadings, the record, and the applicable authorities, the Court finds the Strobles' argument does not present a novel issue as to warrant abstention. S.C. Code Ann. § 38-77-160 provides in part:

> "The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear. The evidence of service upon the insurer may not be made part of the record. In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit."

S.C. Code Ann. § 38-77-160. The language of § 38-77-160 permits Allstate to appear in any action which may affect its liability. Allstate's notice of appearance asserts a reservation of rights that does not "waive any rights pursuant to its policy of insurance, including, but not limited to, the applicability of [UIM] coverage to [the underlying tort action] and whether or not [UIM] coverage is included as part of the policy or this claim." (Dkt. No. 8-3). Further, the South Carolina Supreme Court has explained the "intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits." *Williams v. Selective Ins. Co. of Se..*, 446 S.E.2d 402, 404 (1994). Upon a review of the relevant authorities, the parties' briefing, and the record, the Court finds that state law provides guidance to this court for deciding the issue therefore, there is no novel issue of law to compel remand. *See Thompson v. Allstate Indem. Co.*, No. CV 2:04-23298-18, 2005 WL 8164078, at *1–2 (D.S.C. June 1, 2005) (finding that "whether an insurer's exercise of rights pursuant to S.C. Code Ann. § 38-77-160 is the equivalent of an admission of coverage or will serve as a basis to prevent an insurer from denying coverage, whether under principles of waiver, estoppel, or otherwise" is not an issue so novel as to warrant abstention).

The second *Nautilus* factor is whether the state court can resolve the issues more efficiently than federal court. When evaluating efficiency concerns, the Court should focus on "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceedings that are already pending in the state courts." *Great Am. Ins. Co.* v. Gross, 468 F.3d 199, 211-212 (4th Cir. 2006). In the underlying tort action, Allstate is not a named party, but has

assumed defense of the case under a reservation of rights. (Dkt. No. 8-3). The underlying tort action will resolve issues surrounding liability for the collision between the Strobles and Jones. On the other hand, the instant declaratory judgment action covers the subject of UIM insurance coverage between Allstate and the Strobles. Thus, the instant action is not directly related to the negligence claims brought in state court against Jones. *Sims v. Nationwide Mut. Ins. Co.*, 145 S.E.2d 523 (1965) (noting issues relating to insurance coverage are generally not litigated with the underlying tort claims). The Court finds that the Strobles' declaratory judgment would not advance more efficiently in state court. *Penn-America Ins. Co.*, 368 F.3d at 414.

The third *Nautilus* factor is whether permitting the declaratory judgment action to go forward would result in entanglement between the federal and the state action. Entanglement is likely to occur when "many of the issues in the declaratory judgment action are also being litigated by the same parties in the related state court action. However, entanglement is unlikely when the insurer is not named in the underlying action such that no issues regarding the insurer's rights or obligations." *Fenwick Commons Homeowners Ass'n, Inc. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-00057-DCN, 2019 WL 1760150, at * 4 (D.S.C. Apr. 22, 2019). In this case, Allstate is not named in the underlying tort action. As previously discussed, the underlying tort action and the instant declaratory judgment action will largely involve separate issues. The underlying tort action will resolve issues of negligence and liability for the collision between the Strobles and Jones whereas the declaratory judgment action concerns UIM insurance coverage. In the underlying tort action, the Strobles filed a motion to strike Allstate's answer, which presented the overlapping issue of whether Allstate's entering an appearance pursuant to S.C. Code Ann. § 38-77-160 waived its right to deny UIM coverage for the Strobles' claim. (Dkt. No. 8-5). The motion was denied by the state court on May 3, 2022. *See* https://publicindex.sccourts.org 2021-

CP-18-02170, May 3, 2022 Order. When there are no overlapping issues of fact and law, there is no possibility of entanglement. *Lighthouse Prop. Ins. Corp. v. Rogers*, No. CV 9:17-1553-RMG, 2017 WL 3634593, at * 2 (D.S.C. Aug. 22, 2017).

The fourth *Nautilus* factor is whether the declaratory judgment action is brought as a device for procedural fencing. The Court has held that separate declaratory judgments on issues relating to insurance coverage are "not uncommon" and "traditionally resolved" in declaratory actions. *Rogers*, No. CV 9:17-1553-RMG, 2017 WL 3634593, at * 2. The Court finds the matter was not brought as a device for procedural fencing.

### IV. Conclusion

For the reason stated above, Plaintiffs' motion to remand this action is **DENIED**. (Dkt. No. 8).

**AND IT IS SO ORDERED**.


　　　　　　　　　　　　　　　　　　　　s/ Richard M. Gergel
　　　　　　　　　　　　　　　　　　　　Richard M. Gergel
　　　　　　　　　　　　　　　　　　　　United States District Judge

May 25, 2022
Charleston, South Carolina